IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Earl Gavin
    Plaintiff

Case No. 7:16-cv-00344-TMC-JDA

-v-

Enterprise Recovery Systems Inc;
    Defendant

## PLAINTIFF RESPONSE TO DEFANDANTS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Earl Gavin asks the court to deny defendant's motion to dismiss for failure to state a claim upon which relief may be granted and states as follows:

### INTRODUCTION

1. Plaintiff is Earl Gavin; Defendant is Enterprise Recovery Systems, Inc.

2. Plaintiff sued Defendant for violations of violations of the FCRA by obtaining Plaintiff credit report in January 2014 without a permissible purpose.

3. Defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

4. Plaintiff files this response asking the court to deny Defendant's motion.

### ARGUMENT

5. When considering Defendant's motion, the court must construc the factual allegations in the compliant in the light most favorable to the Plaintiff. *In re Stac Elecs, Sec. Litig.,*

*89 F.3d 1399, 1403 (9th Cir. 1996); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir. 1996).* Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).* If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

6. There is no documentation whatsoever attached or in records to evidencing any alleged then existing credit obligation or debt that MAY have given rise to a permission purpose to a "SOFT PULL" of the Plaintiff credit report.

7. The Defendants states the inquiry to the Plaintiff credit reports was a **soft pull**. The soft pull is a service offered by the credit reporting agency. The only person who ever knows that soft pull was made is the consumer.

8. There is no reference to or definition of any such terms as "SOFT PULL" in the FCRA.

9. There is no statement made in Defendant Motion to Dismiss as to what type of alleged "account" (ie demand deposit asset, credit, credit", etc) the Defendant is referring to as being assessed or evaluated which could give any permissible purpose to obtain the credit report of the plaintiff even if such "account" existed which has not been established through evidence.

10. In this case, Plaintiff alleged a cause of action for violation of the FCRA. The elements are:

**a.** The Defendant obtained Plaintiff's credit report from Experian on January 16, 2014 with no permissible purpose.

**b.** Plaintiff has never had any business dealings or any accounts with, or made application for credit from, or made application for employment with, or applied for insurance from, or received a bona fide offer of credit from the Defendant that would have given them permissible purpose to obtain Plaintiff's credit report.

**c.** Plaintiff never gave his consent for the Defendant to obtain his credit report from any agency at any time.

11. FCRA does not permit the retrieval of a consumer credit report with the collection of any debt, as Enterprise Recovery Systems/"ERS" suggests. Rather FCRA 1681b (a) (3) (A) indicated that is permitted only when a report is to be used is connection with collection of an **"account"**.

12. The FCRA definition " account" 15 U.S.C. 1693 a (2) encompasses only: a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in 15 U.S.C. § 1602(i), as described in regulations of the Bureau of Consumer Financial Protection, established primarily for personal, family, or household purposes.

13. Defendant must provide evidence to also show that the alleged **"debt"** in question satisfied the definition of "account" per FCRA. And at this time no evidence has been shown.

14. Plaintiff is not aware of, nor has the Defendant identified <u>AT ANY TIME</u>, what alleged account, if any, the Defendant references in their motion as "giving them permissible purpose" to obtain Plaintiff's credit report as defined in the FCRA that <u>could</u> give the Defendant permissible purpose even <u>if it existed</u>.

15. There is no information provided in their argument for dismissal as to how the Defendant may acquired any alleged account or any rights to it, if they did not originate it, and whether, or how, it even relates to the Plaintiff in any manner.

16. No information has been provided as to what type of account the Defendant alleges it owns that relates to the Plaintiff. There is no evidence as to whether the alleged account is the type of account (i.e asset or demand deposit) that could <u>possibly</u> give the Defendant permissible purpose to obtain Plaintiff's credit report at any time under the FCRA even **IF** it did exist and they did own it.

17. No <u>existence or ownership</u> of **any** account relating to the Plaintiff has been documented and/or established through evidence, in any manner, by the Defendant that could possibly give them permissible purpose to that obtained Plaintiff's credit report. This fact is precisely what the Plaintiff alleges in his claim for damages.

18. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief the plausible on it face, *Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).* Plaintiff sufficiently alleged facts necessary to prove each element of his cause of action and the court must construe the factual allegations in the complaint in light most favorable to the plaintiff.

## CONCLUSION

19. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the pro se Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's pro se status, the Court

must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. *See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).*

WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests the Court deny The Defendant's Motion and allow Plaintiff's claim to move forward to trial on the merits. In the alternative, if the court determines Plaintiff has failed to state a claim, Plaintiff asks the court to grant leave to amend the complaint.

Respectfully submitted,

Earl Gavin
300 Marion Ave
Gaffney Sc 29341

Dated: April 26, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

Earl Gavin
    Plaintiff

Case No. 7:16-cv-00344-TMC-JDA

-v-

Enterprise Recovery Systems Inc;
    Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this date, served true and correct copies of the following document: Response to the Defendant Motion to Dismiss via mail, with sufficient postage affixed, addressed to:

C. Daniel Atkinson (Fed. ID. #9626)
Wilkes Law Firm, P.A.
127 Dunbar Street, Suite 200
Spartanburg SC 29306


Dated: April 26, 2016