IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin, ) | Case No. 7:16-cv-00344-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Enterprise Recovery Systems Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim. [Doc. 15.] Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff filed the above-captioned action on February 4, 2016. [Doc. 1.] Plaintiff contends that he is entitled to actual or statutory and punitive damages, attorney's fees, and costs under 15 U.S.C. §§ 1681n, 1681o, and 1692k. [*Id.* ¶¶ 15, 19, 23.] On April 15, 2016, Defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. [Doc. 15.] Plaintiff filed a response in opposition to Defendant's motion on April 28, 2016. [Doc. 21.] The motion is now ripe for review.

## **BACKGROUND**[1]

Plaintiff alleges that on January 16, 2014, Defendant initiated a soft pull of Plaintiff's credit report from Experian without permissible purpose. [Doc. 1 ¶ 8.] In June 2015, Plaintiff submitted a request to Defendant, inquiring why Defendant had accessed his credit report. [*Id.* ¶ 9.] On August 8, 2015,[2] Plaintiff received a letter from Defendant stating that the inquiry was "a 'soft' inquiry, not viewable to other creditors and requested for the permissible purpose of using the information 'involving the extension of credit to, or review or collection of an account.'" [*Id.* ¶ 10, Doc. 1-2.] Plaintiff asserts that Defendant's explanation was insufficient and that Plaintiff has never done business with Defendant. [Doc. 1 ¶ 10.]

## **APPLICABLE LAW**

### **Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

---

[1] The facts included in this background section are taken directly from Plaintiff's Complaint. [Doc. 1.]

[2] Plaintiff's Complaint states that he received the letter from Defendant on August 8, 2014 [Doc. 1 ¶ 10]; however, this appears to be a scrivener's error, as the letter is dated August 4, 2015 [*see* Doc. 1-2].

2

A court may not construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3

> Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations removed)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**Fair Credit Reporting Act Claim**

Plaintiff asserts that Defendant violated the FCRA by initiating a soft pull of his credit report from Experian without a permissible purpose. [Doc. 1 ¶ 8.] Specifically, Plaintiff alleges that he did not give Defendant permission to pull his credit report, nor has he done business with Defendant. [*Id.* ¶ 10.] Plaintiff alleges that Defendant's obtaining his consumer credit report without a permissible purpose or Plaintiff's consent constitutes a willful and negligent violation of the FCRA. [*Id.* ¶¶ 15, 19.]

The FCRA imposes civil liability for improper use and dissemination of credit information by a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA. *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir. 1985). Such liability may be imposed on users of information that obtain credit reports of consumers for purposes not specified in § 1681b. *Hinkle v. CBE Grp.*, No. 311-091, 2012 WL 681468 (S.D. Ga. Feb. 3, 2012). Section 1681b(f) of the FCRA states:

> A person shall not use or obtain a consumer report for any purpose unless—
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Section 1681b(a) provides the circumstances under which any consumer reporting agency may furnish a consumer report. These circumstances include furnishing a report to a person who the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the

consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). "To state a claim for acquisition of a credit report in violation of the FCRA, 'a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendant used or obtained it, (iii) the defendant did so without a permissible statutory purpose, and (iv) the defendant acted with the specified culpable mental state.'" *Glanton v. DirecTV, LLC*, 172 F.Supp.3d 890, 894 (D.S.C. 2016) (quoting *King v. Equable Ascent Fin., LLC*, 1:12-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013)).

Here, Plaintiff has failed to plead facts to show that Defendant did not have a permissible purpose for obtaining a credit report. As stated in Plaintiff's Complaint, Defendant is a debt collector. [Doc. 1 ¶ 22.] Additionally, Plaintiff attached a letter from Defendant explaining that any inquiry by Defendant was requested "for the permissible purpose of using the information 'involving the extension of credit to, or review or collection of an account." [Doc. 1-2.] A debt collector is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt. *See* 15 U.S.C. § 1681b(a)(3)(A); *Korotki v. Attorney Servs. Corp.*, 931 F. Supp 1269, 1276 (D. Md. 1996); *Hinkle,* 2012 WL 681468. As long as the debt collector has "reason to believe" the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA. *Korotki*, 931 F.Supp. at 1276 (holding that the "reason to believe" standard applies in evaluating whether a user had a permissible purpose). Although Plaintiff conclusorily alleges that Defendant obtained his credit report without a permissible purpose, his Complaint and attachment contradict this assertion.

Further, Plaintiff's allegation that he has never done business with Defendant fails to establish that Defendant's activities were impermissible. "By its plain language, Section 1681b does not require that a user of credit reports like Defendant have a consumer's 'permission' to access his credit report." *Glanton*, 172 F.Supp.3d at 895. "It is not necessary that the plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report." *Id.* (citing *Gibbons v. GC Servs.*, No. 5:13-CV-00084-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013) (dismissing a complaint which alleged that defendant "intruded into plaintiff's privacy" by obtaining a copy of his credit report despite the supposed fact that the plaintiff had no "prior business dealings or accounts with defendant")). Therefore, Plaintiff's Complaint fails to state a claim for violation of the FCRA.

**Fair Debt Collection Practices Act Claim**

Plaintiff additionally alleges that Defendant violated the FDCPA. [Doc. 1 ¶ 23.] The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014). "To establish an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC*, No. 10-1933, 2012 WL 268345, at *1 n.3 (4th Cir. Jan. 31, 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F.Supp.2d 642, 647 (E.D. Va. 2010)).

Even liberally construing Plaintiff's Complaint, the Court finds Plaintiff's FDCPA claim should be dismissed because the factual allegations set forth in Plaintiff's Complaint do not allege that Defendant pursued collection activity against him. [*See* Doc. 1 ¶¶ 8–11.] Further, Plaintiff fails to delineate the specific FDCPA provisions Defendant allegedly violated. Accordingly, Plaintiff's FDCPA claims are subject to dismissal. *See Iqbal*, 556 U.S. at 677–78; *Twombly*, 550 U.S. at 555.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendant's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

November 30, 2016
Greenville, South Carolina