IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Earl Gavin, | ) | |
| | ) | C/A No. 7:16-344-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Enterprise Recovery Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Earl Gavin ("Gavin"), proceeding pro se, filed this action against Defendant Enterprise Systems Inc. ("Enterprise Systems") alleging claims based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et. seq., and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et. seq.  (ECF No. 1). Enterprise Systems filed a motion to dismiss (ECF No.15).  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.  On November 30, 2016, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that the court grant the motion to dismiss.  (ECF No. 24). On December 19, 2016, Gavin timely filed objections to the Report (ECF No. 31).  Accordingly, this matter is now ripe for review.

**I. Background/Procedural History**

In his Complaint, Gavin alleges that on January 16, 2014,  Enterprise Systems initiated a "soft pull" of his credit report from Experian without permission. (ECF No. 1, Complaint at 1). He alleges that he sent Enterprise Systems notice of the pending lawsuit on June 16, 2015. *Id.*  Enterprise Systems responded by letter dated August 4, 2015, and stated that it had not requested a credit report.  Rather it explained that it had requested a soft inquiry, which it contended was permissible for purposes under 15 U.S.C. § 1681b(a)(3)(A) of using the information when it involves "the extension of credit" or the "review or collection of an account."  (ECF No. 1-2).

## II. Applicable Law

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the Untied States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, , that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (*quoting Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n]" - "that the pleader is entitled to relief." *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

## II. Discussion

**A. FCRA claim**

The Magistrate Judge determined that Enterprise Systems obtained Gavin's credit report for a permissible purpose. (Report at 6). In his objections, Gavin contends that the FRCA allows a party to obtain a credit report for only the collection of an account used primarily for personal, family, or household purposes. (Objections at 5). He contends that while the debts in question may have been such accounts, "it is equally possible that the debts in question were not such accounts, and were incurred for business (or some other ) purposes." *Id.* Therefore, he argues, that the issue involves a party's state of mind, and a jury should decide it rather than the court on a motion to dismiss. *Id.*

The FCRA creates a private right of action allowing injured consumers to recover "any actual damages" caused by negligent violations and both actual and punitive damages for willful violations. It is a violation of the FCRA when a party obtains a consumer report for an impermissible purpose. See 15 U.S.C.A. §§ 1681n, 1681o. "'Permissible purposes' are defined by statute and include approximately ten listed permissible purposes." *King v. Equable Ascent Fin., LLC*, C/A No. 1:12-CV-443, 2013 WL 2474377 at *2 (M.D.N.C. June 10, 2013) (citing 15 U.S.C. § 1681b(a)). A relevant permissible purpose includes a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C.A. § 1681b(a)(3)(A).

To establish a FCRA claim of willful or negligent acquisition of a consumer report, a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state. *See Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002). To prevail on the theory of willful violation of the FCRA, the plaintiff must "show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Ausherman v. Bank of America Corp.*, 352 F.3d 896, 900 (4th Cir.2003) (internal citations omitted). And to succeed on

3

a claim for negligent violation of the FCRA, the plaintiff must first demonstrate that the defendant owed him a duty. *Id.* at 901. The current Complaint does not satisfy either of these requirements.

While Gavin contends whether Enterprise Systems was acting for a permissible reason should be a question for a jury, there are no allegations in his Complaint which would support a finding of a wilful violation. In his objections, Gavin contends that there is a "possibility" that the debts were not accounts within the meaning of the FCRA. (Objections at 5). Plaintiff, however, has not provided factual allegations that are detailed enough to satisfy the *Twombley* requirement of "rais[ing] a right to relief above the speculative level[.]" *Twombly,* 550 U.S, at 555. Viewing the complaint in the light most favorable to Gavin, he fails to state a claim for a FCRA violation.

Additionally, as to an alleged negligent violation, Gavin has not alleged any actual damages that he suffered as a consumer flowing from the violation, such as a decrease in credit score, denial of credit, lost credit, or that he had his credit limits lowered or was required to pay a higher interest rate for credit. *Young v. Harbor Mortor Works, Inc.*, C/A No. 07-31, 2009 WL 187793, at *5 (N.D.Ind. Jan.27, 2009). Based on the foregoing, Gavin has failed to adequately plead a claim under the FCRA.

**B.  FDCPA claim**

The Magistrate Judge determined that Gavin has not alleged that Enterprise Systems pursued any collection activity against Gavin, and further Gavin failed to allege which provisions of the FDCPA he believes Enterprise Systems violated. (Report at 8). In his objections, Gavin appears to allege that merely pulling a credit report is a collection activity. (Objections at 6). He does not set forth which specific provisions of the FDCPA he alleges Enterprise Systems has violated. Rather, he alleges Enterprise Systems generally violated the FDCPA. *Id.*

The FDCPA prohibits harassment or abuse, the use of false or misleading statements or unfair practices when collecting a debt. 15 U.S.C. §§ 1692d, 1692e and 1692f. Under the FDCPA, a debt is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for

4

personal, family, or household purposes." 15 U.S.C. § 1692a(5). "In order to prevail on an FDCPA claim, a plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) *the defendant engaged in a prohibited act or omission under the FDCPA*." *Krasnor v. Spaulding Law Office*, 675 F.Supp.2d 208, 211 (D.Mass. 2009)(emphasis added). The court agrees with the Magistrate Judge that Gavin's FDCPA claim fails because Gavin has failed to allege which specific provisions he believes Enterprise has violated. Moreover, as addressed above, the court concludes that Enterprise Systems had a permissible purpose and was therefore authorized to pull Gavin's credit report.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 3, 2017
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.